IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROLAND COOKE,<br><br>          Plaintiff,<br><br>vs.<br><br>PHILIP MORRIS and ALTRIA GROUP,<br><br>          Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:14-cv-00879<br><br>District Judge Dale Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Clark Waddoups pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 7).

### I.  BACKGROUND

On December 2, 2014, Plaintiff Roland Cooke ("Mr. Cooke") filed his complaint against Defendants Philip Morris and Altria Group generally asserting violations of his civil rights and seeking ten billion dollars in relief (collectively "Defendants") (doc. 1).[1] On December 12, 2014, Mr. Cooke hand delivered a summons at Defendants' offices in Virginia (doc. 11-1).  The summons stated that it was issued from the United States District Court for the District of Nevada and was not signed or sealed by any officer of this court.  *Id.*

On January 14, 2015, and on January 26, 2015, Mr. Cooke filed motions for entry of

---

[1] The court notes that Defendant Philip Morris asserts that Defendant Altria Group is a holding company and as a result not a proper Defendant in this action (doc. 11, ftn.1).

default judgment against Defendants (doc. 2, doc. 3).  In response, the clerk's office requested that Mr. Cooke file a copy of his original summons along with his requests to enter default (doc. 4).  Mr. Cooke failed to file the summons and instead filed a motion asking the court "to extend the time for delivery and response the same [sic] as in an original summons from the court. Meaning; 60 days from when corrected summons is filed, and 20 days after delivery of summons for a defendant response."  (doc. 6).

On March 31, 2015, Mr. Cooke served a summons at the law offices of Defendants' outside counsel, Shook, Hardy & Bacon, in Kansas City, Missouri (doc. 8).

On April 21, 2015, Defendant Phillip Morris filed its pending "Motion to Quash Service And To Dismiss For Insufficient Process And Lack Of Personal Jurisdiction" (doc. 11).  Mr. Cooke has not filed an objection to the motion, and the time within which to do so has expired. *See* DUCivR 7-1 (an opposition memorandum "must be filed within fourteen (14) days after service of the motion or within such time as allowed by the court.").

## II.  LEGAL STANDARDS

A Plaintiff "has the burden of establishing the validity of service." *Jenkins v. City of Topeka,* 136 F.3d 1274, 1275 (10th Cir. 1998).  Moreover, "[a]ll litigants are required to follow the basic requirements of Rule 4, including pro se litigants." *Pederson v. Mountain View Hosp., et. al.,* 2011 U.S. Dist. LEXIS 153114 at *5 (D. Utah Aug. 31, 2011) (unpublished) (citing *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1983)).

## III.  ANALYSIS

Mr. Cooke attempted to serve his complaint on Defendants on December 12, 2014, and

March 31, 2015.  For the following reasons, the court finds Mr. Cooke's service was improper.

**1. Failure To Comply With Rule 4(a)**

Rule 4(a) of the Federal Rules of Civil Procedure provides that a summons must:

> (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or– if unrepresented– of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk, and (G) bear the court's seal.

Fed. R. Civ. P. 4(a).

On December 12, 2014, Plaintiff hand delivered a summons to Defendants' offices in Virginia.  The summons stated that it was issued from the United States District Court for the District of Nevada, failed to contain the name or seal of the Utah Federal District Court where the complaint was filed and was not signed by any officer of this court.  Defendants' summons fails to comply with the provisions of federal rule 4(a) and as a result Plaintiff's motion to quash the December 12, 2014, summons is granted.

**2. Failure To Comply With Rule 4(h)**

Pursuant to federal rule 4, as a corporation Defendant must be served:

(1) in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an Officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by state and the statute so requires—by also

3

mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(A)(B).

On March 31, 2015, Mr. Cooke served a summons at the law offices of Defendants' outside counsel, Shook, Hardy & Bacon, in Kansas City, Missouri (doc. 8).  Defendants' outside counsel is not a registered agent and is not properly authorized to accept service on Defendants' behalf (doc. 11-3); *Affidavit of David F. Northrip.* Accordingly Mr. Cooke's service is insufficient and Plaintiff's motion to quash the March 31, 2015, summons is granted (doc. 11). *See U.S. v. LaFamilia Corp., et. al.,* 2011 U.S. Dist. LEXIS 67599 (D. Kan. June 24, 2011) ("Service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service.").

### IV.  ORDER

For the above state reasons:

1. Defendants' motion to quash is granted (doc. 11);

2. Mr. Cooke's Motions For Default Judgment are denied (doc. 2, doc. 3); and

3. Defendant's motion for extension of time for delivery of a corrected summons (doc. 6) is granted to the extend that Defendant shall have twenty (20) days to effect proper service on Defendants.  Failure to do so shall result in a recommendation to the District Court of immediate dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5).

**IT IS SO ORDERED**.

DATED this 19th day of May, 2015.

_____
Dustin B. Pead
United States Magistrate Judge